

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CAMLIN LIMITED, now known as
CAMLIN FINE CHEMICALS, LTD.,

      Plaintiff,

  - against -

CMB ADDITIVES LLC, ANTHONY
URBANO, CPA, ROGER BROWN,
FRANK MONTELEONE, CHARLES J.
MONTELEONE, DOMINICK L. SARTORIO,
ELIZABETH SARTORIO, ANTHONY DIAZ,
AMALFI INGREDIENTS, KRISTINE
URBANO, C.P.A.,

      Defendants.
----------------------------------------------------------------X

**ORDER**
07-CV-4364 (TCP) (GRB)

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ NOV 1 9 2012 ★

LONG ISLAND OFFICE

PLATT, District Judge.

  Before the Court is Defendant-Kristine Urbano's Motion to Dismiss Plaintiff's Amended Complaint filed under Federal Rule of Civil Procedure 12(b)(6).[1] The Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's Amended Complaint. If Plaintiff seeks the Court's leave to amend its Complaint, the Court will **DENY**, as futile, an attempt to add Kristine Urbano as a defendant in the present case.

### A. Rule 15

  "A party may amend its pleading once as a matter of course within[] 21 days after serving it." Fed. R. Civ. Pro. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). Plaintiff filed its

---

[1] Plaintiff misspelled *Kristine* Urbano's name. The Court notes the correct spelling above.

1

original pleading on October 19, 2007. *See* ECF No. 1. Plaintiff failed to amend its pleading within 21 days after serving it.

In support of its amendment, or in opposition to this motion, Plaintiff did not present the opposing parties' written consent. Magistrate Judge Wall[2] issued a Scheduling Order, which stated that Plaintiff's deadline to submit "[m]otions to join new parties or to amend its pleadings" were due by November 9, 2011. Magistrate Judge Wall's Scheduling Order did not permit Plaintiff to file amended pleadings or to join new parties at Plaintiff's whim; the Order specified Plaintiff's deadline to file *motions* for permission from the Court to do so. Plaintiff failed to abide by that deadline and Plaintiff did not request extensions to those deadlines.

As Plaintiff failed to adhere to the Court's Order and has not asked for, nor received, the Court's leave to amend its pleading, the Court grants Defendant's Motion and dismisses Plaintiff's Amended Complaint in whole. This Court will not permit parties to disregard explicit orders or run cases as they, rather than the Court, sees fit. Plaintiff has ten (10) days to seek leave to amend its Complaint.[3] Assuming Plaintiff seeks the Court's leave to amend its Complaint, for the reasons stated below, the Court would deny as futile Plaintiff's motion to add Kristine Urbano as a party.

---

2 The Court reassigned this case to Magistrate Judge Brown on November 17, 2011.
3 In effect, Plaintiff may seek leave to re-file its Amended Complaint; this Order does not permit Plaintiff to make additional amendments beyond the Amended Complaint. If Plaintiff seeks such leave, however, the Amended Complaint shall abide by the Court's rulings on the currently-Proposed Amended Complaint.

2

**B. Facts**

For purposes of this motion, the Court assumes Plaintiff will seek leave to amend its Complaint and the Court accepts the Amended Complaint's factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See, e.g., Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

Between February 9, 2004 and April 1, 2005, Plaintiff sold and delivered to the Amerol Corporation ("Amerol") "various products for [an] agreed upon price . . . of $507,000.00." Pl.'s Proposed Am. Compl. ¶ 29. Amerol accepted the delivered products; Amerol received, and did not object to, invoices for the products. *Id.* at ¶¶ 30-31. Amerol made only one payment of $1,000 for the deliveries. *Id.* at ¶ 32.

After Plaintiff filed suit against Amerol for nonpayment, the New York State Supreme Court, on August 2, 2006, ordered a judgment in favor of Plaintiff for $582,772.45, which Amerol has not satisfied in whole or in part. *Id.* at ¶¶ 33-34. Prior to the State court's order, Amerol "was made to be insolvent." *Id.* at ¶ 35. Defendants illegally transferred Amerol's assets to successor corporations. *Id.* This illegal transfer included "equipment, inventory, receivables, patents, [and] trademarks." *Id.* at ¶ 36. Defendants "fraudulently sold or transferred Amerol's properties [] and assets in order to avoid paying [Plaintiff] and other creditors." *Id.* at ¶ 37. Defendants sold these assets for "little or no value . . . which rendered Amerol insolvent and incapable of paying its debt owed to [Plaintiff]." *Id.* at ¶¶ 38-39.

Plaintiff named Kristine[4] Urbano as a party because she "is the wife of defendant [Anthony] URBANO and acts as his agent whenever it is convenient." *Id.* at ¶ 23.

---

4 Besides the various deficiencies in Plaintiff's case with which the Court has already dealt, Plaintiff's attorney clearly fails to review what he submits to the Court. In Plaintiff's Amended Complaint, counsel refers to "Chrsitne [sic] Urbano", which both misspells "Christine" and uses

3

C. **Claims**

First, the above-referenced asset sales and transfers were transacted "in violation of [the defendants] fiduciary duties as directors and/or officers and/or sole stockholders of Amerol in violation of New York Business Corporation Law [§] 720 *et seq.* and were unlawful transfers of corporate assets in order to evade Amerol's legitimate debts." Pl.'s Proposed Am. Compl. ¶ 40. Second, the asset sales and transfers were made in violation of New York Debtor and Creditor Law § 270. *Id.* at ¶ 43.

Plaintiff's damages amount to $582,772.45, which Plaintiff demands with interest from August 2, 2006, together with the "costs and disbursements of the action." *Id.* at ¶ 45.

D. **Fed. R. Civ. Pro. 8 – New York Business Corporation Law § 720**

" 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Conley, 355 U.S. at 47; *Sanjuan v. Am. Bd. of Psychiatry and*

---

the incorrect spelling of Ms. Urbano's name. *See* Pl.'s Am. Compl. ¶ 23. In Plaintiff's memorandum in opposition to this motion, counsel refers to Allen Perlstein, a former party to this case. Counsel seemingly copy-and-pasted his opposition from Perlstein's motion to dismiss. In sum, counsel seems to believe this Court is not worthy of papers that are reviewed for inaccuracies and misspellings. I hope Plaintiff, and future clients, consider counsel's lack of respect for Court, and his clients, as viewed through these submissions.

*Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235–236 (3d ed. 2004)).

Nevermind a sufficiently-pleaded level – Plaintiff's allegation fails to rise to even a *speculative* level as to Ms. Urbano. As noted, Plaintiff states that Ms. Urbano is Mr. Urbano's wife; Plaintiff states further that Ms. Urbano acts as Mr. Urbano's "agent whenever it is convenient." Plaintiff fails to state that Ms. Urbano acted as his agent in the present case.[5] Plaintiff fails to state a valid claim and, therefore, the Court dismisses the claim as to Ms. Urbano.

E. **Fed. R. Civ. Pro. 9 – New York Debtor and Creditor Law § 270**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b).

> Although Rule 9(b) permits knowledge to be averred generally, plaintiffs must still plead the events which they claim give rise to an inference of knowledge. In a case involving multiple defendants, plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible. This can consist of allegations as to who possessed knowledge of the fraud, when and how they obtained that knowledge, or even why they should have known of the fraud.

*In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 695 (2d Cir. 2009) (quoting *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987)) (internal quotations and citations omitted).

---

5 Court does not address herein whether Ms. Urbano, even if she did act as Mr. Urbano's agent during the alleged activities, would be liable under NY BCL § 720.

NY DCL § 270 concerns fraudulent conveyances; therefore, Plaintiff's allegations as to this law must meet the Rule 9 standard. Plaintiff, as stated *supra*, fails to meet even the Rule 8 standard as to Ms. Urbano. Plaintiff clearly fails to meet the heightened Rule 9 standard. The Court dismisses the claim as to Ms. Urbano.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's improperly filed Amended Complaint in whole. Plaintiff has ten (10) days to seek leave to amend its Complaint. Assuming Plaintiff seeks the Court's leave to amend its Complaint, the Court, for the reasons set forth *supra*, denies as futile Plaintiff's motion to add Kristine Urbano as a party.

**SO ORDERED.**

Thomas C. Platt, U.S.D.J.

Dated: November 19, 2012
Central Islip, New York